**IN THE UNITED STATED DISTRICT COURT FOR**
**THE DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| M. Louis Offen, M.D.,<br>10201 Grosvenor Place, #309<br>Rockville, Maryland 20852<br><br>Plaintiff,<br><br>v.<br><br>Alan I. Brenner, M.D.,<br>15 Deerfield Way<br>Westboro, MA, 01581,<br><br>Defendant. | ) | Civil Action No.______ |

**COMPLAINT**

Plaintiff M. Louis Offen, M.D. ("Dr. Offen") states as follows as his Complaint against Defendant Alan Brenner, M.D. ("Brenner"):

**PARTIES, JURISDICTION AND VENUE**

1. Dr. Offen is an adult citizen of the State of Maryland and resides at 10201 Grosvenor Place, #309, Rockville, Maryland, 20852.

2. On information and belief, Defendant Brenner is a citizen of the state of Massachusetts, whose principal place of business is 15 Deerfield Way, Westboro, Massachusetts, 01581.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the facts that the parties are citizens of different States and the amount in controversy in this matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant Brenner pursuant to the Maryland's long arm statute, Md. Cts. & Jud. Proc. Code Ann., §6-103, based on the fact that Defendant Brenner has caused tortious injury in the State of Maryland by an act in the State.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 based on the fact that a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district.

## FACTS

6. Dr. Offen is a physician specializing in the field of neurology. He is employed by the United States Department of Health and Human Services ("HHS") as a medical officer in the Division of Vaccine Injury Compensation ("DVIC"). DVIC is an arm of the federal government involved in processing claims made against HHS by persons purportedly injured as a result of vaccine exposure. Dr. Offen's professional activities for DVIC have regularly involved contact with other members of HHS, DVIC, Office of General Counsel of HHS ("OGC") and the Department of Justice ("DOJ").

7. Defendant Brenner is physician specializing in rheumatology. He serves as an outside medical expert to DVIC and prior to and during the events at issue in this action worked regularly with Dr. Offen and other members of DVIC and DOJ in connection with processing claims made against HHS by persons purportedly injured as a result of vaccine exposure.

8. Prior to and during the events at issue in this action, Dr. Offen and Dr. Brenner maintained a professional relationship, corresponded with one another, and spoke regularly with regard to cases in which Dr. Brenner was involved on behalf of HHS.

9. In 2003, a claim was made against HHS regarding a young person who asserted that she had been injured as a result of her exposure to a hepatitis B vaccine (the "Hepatitis B Claim").

10. Dr. Offen reviewed the Hepatitis B Claim, in his capacity as a DVIC medical officer, along with a retained outside medical expert. After reviewing the relevant evidence regarding the Hepatitis B Claim, Dr. Offen and the retained outside expert communicated their conclusions regarding the merits of the claim to the DOJ attorney responsible for representing the government regarding the Hepatitis B Claim.

11. On information and belief, subsequent to the communication between Dr. Offen and the outside consultant and the DOJ attorney regarding the merits of the Hepatitis B Claim, the DOJ attorney communicated with Vito Caserta, M.D., Dr. Offen's supervisor at DVIC, regarding the DOJ's determination regarding how to proceed with respect to the Hepatitis B Claim. On further information and belief, Dr. Caserta, thereafter, conducted a telephone conference with Defendant Brenner and Dr. Arnold Gale to discuss the Hepatitis B Claim.

12. In connection with carrying out his professional responsibilities, on or about May 24, 2004, Dr. Offen contacted Defendant Brenner and offered to provide records relevant to the Hepatitis B Claim to Defendant Brenner for his review. Defendant Brenner accepted Dr. Offen's offer, and on May 25, 2004, Dr. Offen forwarded certain materials to Defendant for his review in connection HHS's processing of the Hepatitis B Claim.

13. Some two months later, Defendant Brenner forwarded a letter to Vito Caserta, Dr. Offen's supervisor at DVIC, containing highly defamatory and injurious statements related to, among other matters, purported communications from Dr. Offen regarding the Hepatitis B Claim. In particular, Defendant Brenner's letter, dated July 30, 2004, contained the following defamatory, false statements:

> In the past several months I have had a number of telephone calls and E mail communications from Dr. Offen, each requesting my private opinion on DVIC cases not officially assigned to me for consultation.

> * * *
>
> The first of this latter type of call was regarding the makeup of our Civilian Expert Immunization Committee (CEIC). The substance of that call was to question me about the process of selection of committee members. I felt that the tone of the questioning was accusatory and, in my opinion, defamatory and degrading to DVIC....
>
> * * *
>
> You will recall that, several months ago, you arranged a telephone conference in which you, Dr. Arnold Gale and I participated. The purpose of that conference was to discuss the [Hepatitis B Claim]....
>
> * * *
>
> About 2 months ago Dr. Offen called me, stating that the case had not been presented in its entirety and that you had misrepresented the facts to induce Dr. Gale and me.... My recollection of the call was that Dr. Offen accused you of twisting the facts and of leaving out pertinent information to suit some personal purpose and that he wanted to send me the case record suggesting that my review of the documents would prove that our conclusion was in error.
>
> * * *
>
> I have been very disturbed by the tone of Dr. Offen's accusations and the way in which he has seemed to try to enlist my support in some sort of personal vendetta against DVIC in general and several members of the office in particular. Indeed I believe that Dr. Offen has had something derogatory to say about each and every medical officer involved. Dr. Offen has also made it quite clear that he has no respect for the leadership of DVIC. He positively gloated over Thom Balbier's transfer, telling me that Thom had been removed for incompetence and stating that you would be the next to go.

14. On information and belief, Defendant Brenner forwarded the above-quoted letter to Vito Caserta and it was received by Dr. Caserta in his DVIC office in Rockville, Maryland. On further information and belief, Defendant Brenner's forwarding of the above-quoted defamatory, false statements was part of a continuing effort on the part of Vito Caserta to

wrongfully isolate and/or remove Dr. Offen from his position with DVIC based on professional differences with Dr. Offen.

15. The above-quoted statements in Defendant Brenner's letter to Vito Caserta were false. Dr. Offen did not make any of the statements or any statements substantially similar to them during any conversation with Defendant Brenner.

16. Defendant Brenner knew of the falsity of the above-quoted statements in his letter to Vito Caserta at the time that he made them and made them with actual malice or in reckless disregard for the truth of such statements. In making these statements, Defendant Brenner intended to injure Dr. Offen, deprive him of the respect, confidence, and esteem peculiarly essential to Plaintiff's profession, and to deprive Dr. Offen of his good name, reputation, and the esteem of his colleagues, and to bring him into ridicule and professional disrepute.

17. In the alternative, Defendant Brenner negligently published the aforementioned false and defamatory statements about Dr. Offen.

18. The above-quoted statements in Defendant Brenner's letter to Vito Caserta are libelous *per se* and as a result of the Defendant's publication thereof, the character and reputation of Dr. Offen were harmed, his standing at DVIC and in the community at large were impaired, and the Plaintiff has suffered mental anguish and personal humiliation.

19. Moreover, the above-quoted statements in Defendant Brenner's letter to Vito Caserta have further injured Dr. Offen in that they lead directly to the imposition of disciplinary action against Dr. Offen by HHS, including a five day suspension from his professional duties, without pay, and the loss of other valuable benefits related to his employment with HHS. Also, as a direct result of the above-quoted defamatory, false statements, Dr. Offen has been precluded by DVIC from having professional communications with personnel from DOJ and OGC or

outside experts retained by DVIC to review claims, drastically and negatively altering Dr. Offen's professional activities.

20. Also as a direct result of the statements made by Defendant Brenner and the disciplinary actions taken against Dr. Offen on the basis of Defendant Brenner's false, defamatory statements, Dr. Offen has suffered severe mental aguish and physical and psychological injuries, including depression and high blood pressure for which he has received, and continues to receive, medical treatment. In connection with this continuing medical treatment, on the advice of his physician, as a direct result of Defendant Brenner's false statements and the disciplinary actions taken against Dr. Offen on the basis of Defendant Brenner's false, defamatory statements, Dr. Offen is currently taking one hundred twenty (120) days medical leave from his duties with HHS.

WHEREFORE, Plaintiff demands judgment be entered in his favor against Defendant Brenner based on Defendant Brenner's libelous statements and that Plaintiff be awarded One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, together with interest, cost of this action, and attorney's fees and such other and further relief as the Court deems just and proper.

**JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all claims so triable.

Respectfully submitted,

Edward M. Buxbaum, #05015
Emily A. Daneker, #27741
Whiteford, Taylor & Preston, LLP
Wachovia Tower – Suite 1300
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
410-347-8700

Erik D. Bolog, #08904
6701 Democracy Boulevard
Suite 515
Bethesda, Maryland 20817
240-542-1041

*Attorneys for Plaintiff*

WASHINGTON 143445v1